UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Tyre Daniel Benson, | Civil No. 05-2778 (PAM/JSM) |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| City of Minneapolis, et al., | |
| Defendants. | |

This matter is before the Court on Defendants' Motion to Dismiss or for Summary Judgment.  For the reasons that follow, the Court denies the Motion without prejudice.

**BACKGROUND**

On February 15, 2004, Plaintiff Tyre Benson encountered several Minneapolis police officers. The officers purportedly kicked and punched Benson in his head and upper body while demanding that he his name.  Benson allegedly sustained serious and permanent injuries that required stitches in the front and back of his head. He was arrested and charged with fleeing from the police. (Compl. ¶¶ 19-23).

On November 3, 2004, Benson and his girlfriend were involved in a minor dispute. Later, Benson saw his girlfriend sitting in a vehicle parked in Minneapolis.  When Benson approached the vehicle, an undercover police officer flashed a badge, and Benson ran. Thereafter, Minneapolis police officers allegedly pursued, tackled, struck, kicked, and handcuffed Benson.  Benson purportedly suffered traumatic injuries to his jaw and head that required a metal plate and screws.  (Id. ¶¶ 8-18).

On November 3, 2005, Benson filed a Complaint in Minnesota state court, seeking relief under 42 U.S.C. § 1983 and the Minnesota Human Rights Act and asserting several common law tort claims. Defendants removed the action to this Court on December 2, 2005. On October 12, 2006, Defendants served discovery requests. On November 21, 2006, Benson's counsel advised Defendants' counsel that Benson died; thus, the discovery requests could not be answered.

**DISCUSSION**

Defendants move to dismiss this action, arguing that the record is devoid of evidence to support Benson's claims. Benson's counsel responds that the motion is premature because Federal Rule of Civil Procedure 25 permits a deceased party's successor to move for substitution. Rule 25 provides:

> If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party and, together with the notice of hearing, shall be served on the parties as provided in Rule 5 and upon persons not parties in the manner provided in Rule 4 for the service of a summons, and may be served in any judicial district. Unless the motion for substitution is made not later than 90 days after the death is suggested upon the record by service of a statement of the fact of the death as provided herein for the service of the motion, the action shall be dismissed as to the deceased party.

Fed. R. Civ. P. 25(a). Thus, after the death of a party, "the action does not abate. The death shall be suggested upon the record and the action shall proceed in favor of or against the surviving parties." Fed. R. Civ. P. 25(a)(2).

It is undisputed that the requirements of Rule 25 have not been met. The Court

therefore orders that a statement of the fact of death be served immediately in accordance with Rule 25.  If no successor of Benson files a motion for substitution within ninety days, the Court will dismiss this action with prejudice.  If a successor files a motion for substitution, the Court will allow Defendants to renew their dispositive motion.

**CONCLUSION**

Rule 25 permits a deceased party's successor to file a motion for substitution. Pursuant to the rule, the Court will provide Benson's successor the opportunity to file a motion for substitution. Accordingly, **IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss or for Summary Judgment (Docket No. 7) is **DENIED without prejudice**.

Dated: May 22, 2007

s/ Paul A. Magnuson
Paul A. Magnuson
United States District Court Judge